# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD ZALOGA and <br> JEANNE ZALOGA, <br> **Plaintiffs** <br> v. <br><br> BOROUGH OF MOOSIC, *et al.*, <br> **Defendants** | : <br> : <br> : <br> :    3:10-CV-2604 <br> :    (JUDGE MARIANI) <br> : <br> : <br> : |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Plaintiffs' Motion Amend the Complaint (Doc. 74) with the accompanying proposed Amended Complaint (Doc. 74, Ex. A). For the reasons that follow, the Court will grant Plaintiffs' Motion in part and deny it in part. Plaintiffs will be ordered to file their Amended Complaint after complying with the below instructions to remove certain paragraphs the Court deems as time-barred, previously dismissed, or futile.

### II. Background

Plaintiffs file this Motion seeking to add Correctional Care, Inc. ("Correctional Care") as a Plaintiff, as well as John Brazil ("Brazil"), Solicitor for the Borough of Moosic, and Willard Hughes ("Hughes"), Borough Code Enforcement Officer, as Defendants. (Doc. 74, Ex. A, ¶¶ 3, 14, 15). Plaintiffs also seek to separate their Quiet Title/Adverse Possession claims as individual claims and to add further factual allegations in support of their previous claims. (*Id.* at ¶¶ 163-166 and 167-172).

Principally, Plaintiffs wish to add facts arising since January 2011, when:

- Hughes and Defendants ignored Plaintiffs' complaints about Jack Williams Tire Co.'s zoning violations from January 2011 to December 2011. (*Id.* at ¶¶ 106-114).

- At the request of Scott Williams (of Jack Williams Tire), Hughes issued a violation notice to Plaintiffs for an in-ground basketball hoop on their property. The hoop had been on Plaintiffs' property for thirty years, and Plaintiffs' neighbors who had similar hoops did not receive violation notices in kind. (*Id.* at ¶¶ 116-118).

- In February 2008, Brazil, acting on behalf of Defendants, placed a municipal lien against Plaintiffs without notice (*id.* at ¶ 71), such that Plaintiffs were denied credit when they applied for a credit card for their daughter in April 2012. (*Id.* at ¶ 119).

- This same lien allegedly prevented Correctional Care from obtaining a performance bond, which effectively kept Correctional Care from winning a bid to provide services to the Northampton County Jail in June/July 2012. (*Id.* at ¶¶ 120-23).

- The proposed Amended Complaint also offers background facts in support of Plaintiffs' First Amendment Retaliation and Substantive Due Process claims:
    - allegations that Jack Williams Tire acted in concert with Defendants to request a modification to the then-approved Plans, with knowledge that Defendants would deny the proposed modification that would

benefit Plaintiffs and permit the proposed modifications that would benefit Jack Williams Tire (*id.* at ¶¶ 77, 81, 85);

- o the allegation that Defendants received no less than $65,865 in fees, among other remuneration, from Jack Williams Tire for permits and other favorable treatment (*id.* at ¶ 69);
- o the allegation that Defendants permitted their own expert to testify at a November 13, 2007 hearing, but did not allow Plaintiffs' engineering expert to testify at that same hearing (*id.* at ¶ 66).

### III. **Analysis**

#### a. Standard on Motion to Amend Pleading

"The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "Nevertheless, a district court may exercise its discretion to deny leave to amend a complaint in situations in which the plaintiff has delayed seeking leave to amend if the delay is undue, motivated by bad faith, or prejudicial to the opposing party. *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 803 (3d Cir. 2010) (internal citations and quotation marks omitted). "Delay is 'undue' when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Id.* "[S]ubstantial or undue prejudice to the nonmoving party . . . is the touchstone for the denial of an amendment." *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004) (internal citations and quotation marks omitted). The burden is on the non-moving party to show it would be

3

prejudiced by an amended pleading. *See, e.g., Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3d Cir. 2006); *Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517, 526 (3d Cir. 2004). "A mere claim of prejudice is not sufficient; there must be some showing that [the non-movant] was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (internal citations and punctuation marks omitted).

"'Futility is also a sufficient ground to deny leave to amend,' and it '"means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Merck & Co., Inc. Securities, Derivative & ERISA Litigation*, 493 F.3d 393, 400 (3d Cir. 2007). "The District Court determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff." *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007).

### b. Discussion

Plaintiffs argue that prejudice is the single most critical factor for a district court to consider when ruling on a motion to amend a complaint. As such, according to Plaintiffs, Defendants' failure to argue prejudice entitles Plaintiffs to amend their Complaint. However, while prejudice is an important factor for a district court to weigh, futility can and is a sufficient independent basis for denying a motion to amend. *See In re Merck & Co., Inc. Securities, Derivative & ERISA Litigation*, 493 F.3d at 400. Because Defendants rely on a futility argument, Plaintiff is not entitled to amendment as a matter of right.

To the extent that Defendants do not object to the addition of Correctional Care as a Plaintiff, Willard Hughes as a Defendant, and the separation of Adverse Possession and Quiet Title as independent counts, the Court will grant Plaintiffs leave to amend. (See Doc. 74, Ex. A, ¶¶ 3, 14, 15, 163-66, 167-172).

### i. Defendants' Objections to Plaintiffs' Amended Complaint

Rather, Defendants object to only portions of the proposed Amended Complaint. They argue that (1) that Plaintiffs are re-asserting claims that were previously dismissed by Judge Munley, specifically: ¶¶ 126-29 (factual allegations in support of First Amendment Free Speech claim occurring before December 21, 2008), ¶ 138 (factual allegations in support of claim for failure to investigate alleged zoning violations committed by Jack Williams Tire), and ¶¶ 148-50 (factual allegations of Brazil's role in filing a municipal lien against Plaintiffs occurring before December 21, 2008 in support of Plaintiffs' First Amendment Retaliation and Substantive Due Process);[1] (2) that Brazil's alleged filing of a municipal lien against Plaintiffs cannot, as a matter of law, be the basis of a Substantive Due Process claim and that the lien was filed beyond the Statute of Limitations, and finally, (3) Brazil is entitled to qualified immunity and should not be made a Defendant to the action.

### 1. Allegations Previously Dismissed

The Court agrees with Defendants that ¶¶ 126-29 (factual allegations in support of First Amendment Free Speech claim occurring before December 21, 2008) previously were

---

[1] This argument overlaps with argument (2), so the Court will address it in Section 2. below.

dismissed by Judge Munley and may not be re-asserted by Plaintiffs. In addition, the Court finds that ¶¶ 130-32 also claim Free Speech violations that cannot be resurrected. The paragraphs once again allege violations of Free Speech rights that occurred during 2007, well before December 21, 2008. As to Plaintiffs' claim that Defendants permitted their non-engineering expert to testify at a November 2007 hearing but would not allow Plaintiffs' engineering expert to testify at that same hearing (¶¶ 66, 127), such an allegation clearly is precluded by Judge Munley's dismissal of the First Amendment Free Speech claim as untimely. (Doc. 26, at 15-22). As such, the Court directs that Plaintiffs remove ¶¶ 127-132 from their Amended Complaint. ¶ 66 may remain for background purposes only.

With respect to Defendants' argument that Judge Munley previously dismissed ¶ 138 (failure to investigate reported zoning violations), the Court finds that Plaintiffs may amend their Complaint to include this factual allegation. Judge Munley dismissed (timely) allegations that Defendants failed to investigate Plaintiffs' reports of Jack Williams Tire's violation of zoning ordinances under Plaintiffs' Substantive Due Process claim. Plaintiffs, however, are now adding this allegation to their First Amendment Retaliation claim. The Court further notes that the alleged acts took place from January 2011 to December 2011 (Doc. 74, Ex. A, ¶¶ 106-114). Thus, they are within the Statute of Limitations.

2. Brazil's Filing of Municipal Lien Against Plaintiffs

Plaintiffs argue that the factual allegations with respect to Brazil's role in filing a municipal lien without notice against Plaintiffs constitutes retaliatory conduct which

adversely impacted Correctional Care's bid for a contract with Northampton County Jail. Though the act took place in February 2008, beyond the Statute of Limitations, Plaintiffs argue that they discovered the lien only in April 2012 when they applied for credit on behalf of their daughter or when they were denied or in June/July 2012 when they attempted to obtain a performance bond to submit a bid on a project to Northampton County Jail. As such, according to Plaintiffs, they are entitled to rely on this alleged event to support their First Amendment claim.

The "general rule" is that "a cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted." *Wilson v. El-Daief*, 964 A.2d 354, 361 (Pa. 2009). However, the "discovery rule," one exception to the general rule, "may operate to toll the statute of limitations until the plaintiff discovers, or reasonably should discover, that she has been injured and that her injury has been caused by another party's conduct." *Id.* at 361-62. It is, however, the plaintiff's duty to "exercise [ ] reasonable diligence, to know that he is injured and by what cause." *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005). "Whether the statute of limitations has run on a claim is a question of law for the trial court to determine; but the question as to when a party's injury and its cause were discovered or discoverable is for the jury." *Id.* at 859. "Where, however, reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law." *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa.

2011). "[T]he party asserting application of the discovery rule bears the burden of proof."
*Id.*

According to the proposed Amended Complaint, Brazil filed a municipal lien without notice[2] against Plaintiffs in February 2008. They did not discover the lien until they were denied credit in April 2012 or when they were unable to obtain a performance bond to complete a bid for Northampton County Jail in June/July 2012. Though Defendants claim that Plaintiffs should have been aware of the lien (and were, in fact, aware of it because the notice was on public record), and though Defendants are skeptical that Correctional Care could have operated for four years without knowledge of a lien, the Court cannot conclude that four years is an unreasonable period of time as a matter of law. Whether it is reasonable for Plaintiffs to have taken over four years to discover a lien against them in their credit history is an issue of fact to be resolved after further development of the record.

However, Plaintiffs do not state what obligation Defendants breached by allegedly failing to give them notice of the lien's filing. Therefore, the Court will permit Plaintiffs to assert that Defendants, including Brazil, filed a municipal lien against them without notice to support their First Amendment Retaliation claim on the condition that they first allege, with specificity and in non-conclusory fashion, when, how, and on what basis they were entitled

---

[2] The lien was for $1,178.65 (see attached). Plaintiffs do not dispute the validity of the lien, only that Defendants failed to give them notice of the lien's filing.

8

to receive notice of the lien (whether pre- or post-filing), which allegedly was filed without notice to them.[3]

The same does not hold true for Plaintiffs' Substantive Due Process claim based on the same factual allegations. For the same reasons Judge Munley gave previously, Plaintiffs "have not alleged interference with a fundamental interest [in Correctional Care's contract with Lackawanna County] and have not stated a substantive due process claim." (Doc. 26, at 33). Plaintiffs' claim is even weaker than the original Complaint; previously, Judge Munley held that Plaintiffs had failed to show a fundamental interest in an *extant* contract with Lackawanna County. Plaintiffs now claim that Defendants' actions, through Brazil, interfered with a *potential* contract with Northampton County. Again there is no fundamental interest implicated. Consequently, the allegation that Brazil filed a municipal lien against Plaintiffs without notice will support a claim only for First Amendment Retaliation. Thus, Plaintiffs shall remove ¶¶ 149-152 (but only to the extent ¶¶ 150-52 allege violations of contractual rights causing Plaintiffs to suffer adverse credit histories).

In addition, Judge Munley previously dismissed the factual allegations of failure to investigate zoning ordinance and code violations as insufficient to state a claim for Substantive Due Process violations. (Doc. 26, at 29) (concluding that "such complaints

---

[3] In permitting this amendment, the Court notes that *Iqbal* requires a plaintiff's pleadings to state "*plausible* claim[s] for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (emphasis added). Plaintiffs allege that they were unaware of a lien against their property for over four years and that though they first became aware of it in April 2012, they did not resolve the lien before submitting a bid in June/July 2012 for a contract that potentially would have yielded "$19.9 million to $26.4 million over a five year period." (Doc. 74, Ex. A, ¶ 123). Though it seems implausible that Plaintiffs would not have paid the lien before submitting a bid that would have produced millions of dollars to Correctional Care, the Court will reluctantly allow Plaintiffs to amend their Complaint to add these factual allegations.

represent the kind of disagreement that is frequent in planning disputes" and determining that recognizing such a claim "would transform a federal court into a super zoning tribunal.") (citations and quotation marks omitted). As such, Plaintiffs shall remove ¶ 147 from the Amended Complaint, as well. Nevertheless, these allegations will suffice to support the claim of Retaliation.

### 3. Whether Brazil is Entitled to Qualified Immunity

Lastly, Defendants argue that Brazil, as Solicitor of the Borough, is entitled to qualified immunity. At this time, the Court will deny without prejudice qualified immunity to Defendant Brazil.

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L.Ed.2d 411 (1985). The Supreme Court has indicated that, preferably, the issue of qualified immunity "ordinarily should be decided by the court long before trial." *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). However, the Third Circuit has recognized that this preference sometimes must give way to the realities of a case's development. In response to *Hunter*, the Third Circuit said:

> That is well and good when there are no factual issues in a case, but often the facts are intensely disputed, and our precedent makes clear that such disputes must be resolved by a jury after a trial. As a practical matter, then, in such cases the immunity becomes no more than a mere defense, and a sometimes challenging one to establish at that.

*Curley v. Klem*, 499 F.3d 199, 208 (3d Cir. 2007) (internal citations omitted). Thus, though this Court also would prefer to resolve the issue of qualified immunity "long before trial," it cannot do so because at this stage of the case, Plaintiffs have alleged sufficient facts to prevent a finding at this time that Brazil is entitled to qualified immunity. Plaintiffs have alleged that Brazil sent the two anonymous men to Plaintiffs' residence to harass and intimidate them and that he filed the municipal lien against them without notice, all in retaliation for Plaintiffs' exercise of protected activities.

Defendants rely on *Filarsky v. Delia*, 132 S. Ct. 1657, 182 L. Ed. 2d 662 (2012) for the proposition that Brazil is entitled to qualified immunity because *Filarsky* recognized that a private individual temporarily retained by the government to perform public services could seek and obtain qualified immunity. The Court agrees that qualified immunity is available to Brazil, but at this time, it is premature for the Court to grant such immunity to him. Plaintiffs have alleged that Brazil directed two anonymous men to harass and intimidate Plaintiffs at Plaintiffs' residence and in support of that contention, attached two documents to their motion. (Doc. 74, Ex. C). These documents show, however, only that Brazil received a letter from Design Consultants and that he forwarded the letter to Defendant Mercatili, nothing more. If discovery produces no further evidence of Brazil's role in sending these "anonymous men" to Plaintiffs' residence to harass and intimidate Plaintiffs, the Court will grant qualified immunity to Brazil and dismiss him from the case. At this time, however, the Court will deny without prejudice qualified immunity for Brazil.

### ii. Final Observation

Finally, the Court notes that the events alleged in ¶¶ 21-90 all contain facts concerning events occurring before December 21, 2008, including, *inter alia*, the allegation about Jack Williams Tire paying at least $65,865 to obtain special treatment from Defendants and Jack Williams Tire's conspiracy to request modification of the Berm when it knew Defendants would deny the proposed modification that would benefit Plaintiffs and permit the proposed modifications that would benefit Jack Williams Tire. (Doc. 74, Ex. A, ¶¶ 69, 77, 81, 85). Because Defendants have not objected to these paragraphs specifically, the Court will permit these amendments. However, the Court will not permit Plaintiffs to rely on these time-barred allegations to support their remaining claims of Retaliation, Substantive Due Process, Conspiracy (§ 1983 and civil), Adverse Action, or Quiet Title. They are for background purposes only.

## IV. Conclusion

Plaintiffs' Motion to Amend will be granted, subject to the following instructions to remove certain paragraphs from the Amended Complaint. Plaintiffs shall remove ¶¶ 127-32, 147, 149, and 150-52 from the Amended Complaint. With respect to ¶¶ 150-52, only the portions of those paragraphs referring to contractual rights and adverse credit histories are ordered to be removed. With respect to the allegations that Defendants, including Brazil, deliberately failed to notify Plaintiffs that he was filing a municipal lien against them, the Court will allow Plaintiffs to assert a First Amendment Retaliation claim on the condition

that they allege with specificity that Defendants owed them a duty (whether statutory or otherwise) to provide notice of the filing of the lien. A separate Order follows.

*[signature]*
Robert D. Mariani
United States District Court Judge