IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD ZALOGA and | : | |
| JEANNE ZALOGA, | : | Civil Action No. |
| | | 3:10-CV-2604 |
| Plaintiffs, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF MOOSIC, MOOSIC | : | |
| BOROUGH COUNCIL, MOOSIC | : | |
| BOROUGH PLANNING COMMISSION, | : | |
| MOOSIC BOROUGH ZONING BOARD | : | |
| OF ADJUSTMENTS, | : | |
| JOSEPH MERCANTILI, | : | |
| JOSEPH DENTE, THOMAS HARRISON, | : | |
| BRYAN FAUVER, JAMES DURKIN, | : | |
| JOHN J. BRAZIL, JR., ESQ., | : | |
| WILLARD HUGHES. | : | |
| Defendants. | : | |

**MEMORANDUM**
**May 8, 2013**

This civil rights action, brought pursuant to 42 U.S.C. §§ 1983 and 1988, was commenced on December 21, 2010 and proceeds on the Amended Complaint. Before the Court is defendants' Motion to Dismiss Plaintiffs' Amended Complaint. ECF No. 94. The motion will be granted in part and denied in part as discussed herein.

## I. Factual and Procedural Background

This action principally arises from a zoning dispute between the parties over the use of certain commercially-zoned property which is located adjacent to plaintiffs' property.[1] Plaintiffs are residents of Moosic Borough, Lackawanna County, Pennsylvania, where they have lived since 1994. From 2005 and continuing through the filing of the operative complaint, plaintiffs have been engaged in ongoing disputes with the Moosic Borough Planning Commission and other defendants over the use of this commercially-zoned property and how it has affected plaintiffs' property. Plaintiffs have been involved with protesting and petitioning defendants in connection with the zoning restrictions placed on this property and, in response, plaintiffs claim that they have been retaliated against in violation of their constitutional rights.

Plaintiffs commenced the instant litigation claiming violations of their First and Fourteenth Amendment rights, along with federal and state conspiracy claims and state claims of adverse possession and quiet title. See Compl., ECF No. 1. In its July 19, 2011 Order granting and denying in part defendants' motion to dismiss,

---

[1] A more thorough recitation of the facts giving rise to this litigation can be found in the Court's July 19, 2011 Order. ECF No. 26. Background facts are taken from the Amended Complaint. See Amd. Compl., ECF No. 87.

the Court dismissed allegations of conduct that occurred before December 21, 2008, except those which supported plaintiffs' First Amendment retaliation claim. See ECF No. 26. The Court also dismissed plaintiffs' substantive due process claims that were based on the zoning decisions of the defendants or on plaintiffs' claimed property interest in the business contract with plaintiff Correctional Care, Inc. Id. Subsequent to this Order and following various discovery disputes, plaintiffs moved to amend their complaint on August 20, 2012 to add two defendants and additional factual allegations of ongoing conduct. ECF No. 74. The motion was granted on December 5, 2012, but was subject to certain instructions. ECF No. 86. Plaintiffs responded to the order by filing their Amended Complaint on December 18, 2012, ECF No. 87, which defendants moved to dismiss on December 31, 2012, ECF No. 94.

**II. Discussion**

    A.    Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), tests the legal sufficiency of a claim, see Neitzke v. Williams, 490 U.S. 319, 326-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Petruska v. Gannon University, 462 F.3d 294, 302 (3rd Cir. 2006), and "streamlines litigation by dispensing with needless discovery and fact finding." Neitzke, 490 at 326-27. A complaint should only be dismissed

if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 662, 129 S.Ct. 1937 (2009). In considering a Fed. R. Civ. P. 12(b)(6) motion, it must be taken into account that federal courts require only notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 WL 2756282, *3 (W.D. Pa. July 15, 2008) (Lancaster, J.) Fed. R. Civ. P. 8 "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds on which it rests," Twombly, 550 U.S. at 555 (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket

4

assertion of an entitlement to relief under it. Hellman, 2008 WL 2756282 at *3. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 550 U.S at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." Iqbal, 556 U.S. at 662 (citing Fed. R. Civ. P. 8(a)). A court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) where there is a "dispositive issue of law." Neitzke, 490 U.S. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3rd Cir. 2010). In the matter at hand, plaintiffs have attached, as an exhibit, the municipal claim filed on February 29, 2008 against the Zaloga's property in the Court of Common Pleas of Lackawanna County, Pennsylvania. See Amd. Compl., Exh. A, ECF No. 88.

Defendants do not object to this exhibit and, indeed, both parties cite to it in their respective motions. The Court will therefore consider this document in resolving the parties' motions.

Defendants move to dismiss the Amended Complaint on the following grounds: (1) factual allegations previously dismissed by the court in its July 19, 2011 order continue to appear in the Amended Complaint, (2) there is no requirement that defendants provide notice of the municipal lien filed against plaintiffs' property; and (3) even if notice was required, defendant Brazil is entitled to qualified immunity. See Defs.['] Mot. Dismiss ¶¶ 14-24; 26-27, ECF No. 94.

B.  The Municipal Lien

The court permitted plaintiffs to amend their complaint to include factual allegations supporting their First Amendment retaliation claim. Order, Dec. 5, 2012, ECF No. 86. Specifically, plaintiffs were granted leave to allege that defendants filed a municipal lien against their property without notice, provided that plaintiffs first allege, with specificity, when, how, and on what basis they were entitled to receive notice of the lien. Id. The court also noted its skepticism that plaintiffs were actually unaware of the lien on the property given that it had been in place for four years and in that time plaintiffs had been engaged in million dollar business transactions which would have likely revealed the presence of the lien

against their property.  Nonetheless, the court "reluctantly allow[ed] [p]laintiffs to amend their [c]omplaint to add these factual allegations."  Id.

In response, plaintiffs plead that 53 P.S. § 7106(a.3)(1) of the Municipal Claims and Tax Liens Act required defendants to provide plaintiffs with thirty days' notice prior to filing the municipal lien against plaintiffs' property, which they failed to do.  Amd. Compl. ¶ 71b, ECF No. 87.  Defendants respond that § 7106(a.3)(1) requires no such notice, and, even if it did, plaintiffs were on constructive notice of the lien against their property by way of the quarterly billing statements they received and by using the services for which they were being charged.  Defs.['] Mot. Dismiss ¶¶ 18-22, ECF No. 94.

The Court agrees with defendants and concludes that plaintiffs have failed to plead a legally cognizable duty to provide notice to plaintiffs of the municipal claim filed against their property.  The Court notes that plaintiffs rely, in error, on a single case in support of their position that 53 P.S. § 7106(a.3)(1) required notice of the municipal lien.  See Perez v. Ellington, 421 F.3d 1128, 1132 (10th Cir. 2005).  In Perez, the court held that extreme delay in releasing the liens on plaintiff's property could form the basis of a First Amendment retaliation claim.  Id.  That holding has no bearing on the issue before this Court – whether there is a notice requirement that plaintiffs can plead was violated by defendants.

Instead, the Commonwealth Court of Pennsylvania in Shapiro v. Center Tp. Butler County, describes 53 P.S. §§ 7101-7505 as "unusual in several respects." 632 A.2d 994, 997 (Pa. Commw. Ct. 1993). Significantly, the assessment and imposition of a municipal lien occurs without any form of hearing. Id. Rather, an original hearing is held only if the owner of the property contests the lien, thereby forcing the municipality to issue a scire facias; or, if the municipality itself pursues a writ of scire facias to collect on the lien. Id. at 998. If neither party acts to force a hearing, the lien is recorded against the property and remains on the record indefinitely, subject only to a requirement that a suggestion of nonpayment and an averment of default be issued to revive the lien every twenty years. See Id., 53 P.S. § 7183.

Enforcing payment of a municipal claim is, therefore, a separate proceeding from the assessment and imposition of the lien itself, and only the former gives rise to notice requirements. Id.; and see Newberry Tp. v. Stambaugh, 848 A.2d 173, 177 (Pa. Commw. Ct. 2004) (if the owner does not dispute the claim and assessment, he merely pays and removes the lien; alternately, the municipality may pursue a writ of scire facias to enforce payment of a municipal claim), Sager v. Burgess, 350 F.Supp. 1310, 1313 (E.D. Pa. 1972) (Weiner, J.) (upholding the constitutionality of the Municipal Claims Act, allowing imposition of a lien

without prior notice of hearing).

Here, the municipal claim was filed as a lien against the Zaloga's property on February 29, 2008 for unpaid sewer user fees in the amount of $1,178.65, plus costs and interest. Amd. Compl. Exh. A, ECF No. 88. The filing of this claim, however, did not bring it within the ambit of 53 P.S. § 7106(a.3)(1). As plaintiffs acknowledge in their Amended Complaint, it was not until 2012 that defendants attempted to *collect* the debt alleged by the lien. Amd. Compl. ¶ 71c, ECF No. 87.

Plaintiffs make much of the statutory language contained in 53 P.S. § 7106(a.3)(1) that notice be given when attorneys fees are being sought "in connection with" municipal claims or liens. Pl.['s] Br. Opp'n Mot. Dismiss 4-5, ECF No. 96. Although that language certainly appears in the statute, plaintiffs ignore the remainder of the sentence which only requires notice when such fees are imposed " . . . . in connection with *the collection of* a delinquent account . . . . " 53 P.S. § 7106(a.3)(1). As explained above, collecting on a municipal claim remains a separate and distinct proceeding from the filing of the lien itself. The language of 53 P.S. § 7106(a.3)(1) is clearly applicable only to the collection of such claims.

This reading of the statute accords with both logic and 53 P.S. § 7106(a.1), which explains that the subsection at issue does not intend for property owners to bear the cost of routine functions, but only for reasonable attorneys fees sufficient

9

to cover the expense of undertaking collection and representation of a municipality involving claims arising under the act. The section goes on to discuss the factors against which the reasonableness of attorneys fees should be determined and includes, " . . . the skill requisite to properly *undertake collection* and representation of a municipality . . . . " and "[t]he amount of the delinquent *account collected* and the benefit to the municipality from the services." 53 P.S. § 7106(a.1)(1),(3). It is clearly the *collection* of municipal claims to which the notice requirement attaches, and not the mere filing of a lien.

Accordingly, plaintiffs have not sufficiently plead that they were entitled to receive notice of the lien as required by the court's December 5, 2012 Order. As a result, the allegation that defendants filed a municipal lien against their property without notice shall be stricken from the Amended Complaint.

In addition, for the first time in the Amended Complaint, and without explanation, plaintiffs now "specifically deny and dispute that the alleged debt, or any portion thereof, is valid or owed by the plaintiffs in any way" and that the recent collection efforts by defendants were instituted only to "further harass, retaliate against, and harm" plaintiffs. Amd. Comp. ¶ 71c, ECF No. 87. Not only do these allegations stand in clear contrast to those contained in the original

complaint,[2] but they exceed the bounds of what the Court specifically permitted by its December 5, 2012 Order. The plaintiffs' new allegations go beyond pleading that defendant "Brazil filed a municipal lien against them without notice" in support of their First Amendment retaliation claim. Order, ECF No. 85. The Court cannot discern what authority the plaintiffs had to plead brand-new factual allegations and to reverse their prior position. Accordingly, all allegations related to or arising from the municipal lien filed against plaintiffs' property on February 29, 2008, specifically, ¶¶ 71 (including 71a-c), 139 and 142, shall be stricken from the Amended Complaint.

C.   Qualified Immunity

Defendants argue that even if the allegations arising from the municipal lien go forward, defendant Brazil – against whom these allegations are lodged – is entitled to qualified immunity. The Court previously addressed and dismissed this very argument that defendants first raised in opposition to plaintiffs' motion to amend the complaint. See Defs.['] Brf. Opp'n Motion to Amd. Compl. 7, ECF No. 75. Regardless, the Court need not reach this argument because all allegations against defendant Brazil will be struck from the Amended Complaint as they arise

---

[2] As of the court's December 12, 2012 Order, plaintiffs did "not dispute the validity of the lien, only that Defendants failed to give them notice of the lien's filing." Order 8, ECF No. 85.

from the municipal lien filed against plaintiffs' property. Accordingly, defendant Brazil will be dismissed from this action.

D. Request to Strike Factual Allegations

In addition to the allegations related to the municipal lien filed against plaintiffs' property discussed above, defendants complain that additional factual allegations that were "constructively" struck by this Court's July 19, 2011 Order continue to appear in the Amended Complaint. As such, defendants move to have these allegations stricken from the pleadings. See Defs.['] Mot. Dismiss ¶¶ 14-16, ECF No. 94.

Although this request is included in a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court instead interprets this as a motion to strike under Fed. R. Civ. P. 12(f), which allows the Court to strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. See Fed. R. Civ. P. 12(f). Requests of this nature are not favored by federal courts and should generally be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one of more of the parties to the action. 5C FED. PRAC & PROC. CIV. § 1382 (3d ed.); see e.g., Lakits v. York, 258 F.Supp.2d 401 (E.D. Pa. 2003) (Baylson, J.), Garlanger v. Verbeke, 223 F.Supp.2d 596 (D. N.J 2002) (Brotman,

J.), Loughrey v. Landon, 381 F.Supp. 884, 888 (E.D. Pa 1974) (Gorbey, J.), Randolph Laboratories, Inc. v. Specialties Development Corp., 62 F.Supp. 897 (D. N.J. 1945) (Meaney, J.), F.T.C. v. Hope Now Modifications, LLC, 2011 WL 883202 (D. N.J. Mar. 10, 2011) (Simandale, J.), American Oil Co. v. Cantelou Oil Co., 41 F.R.D. 143 (W.D. Pa. 1966) (Rosenberg, J.).

This position is in line with the view that modern litigation is too protracted and expensive for a court to expend time and effort pruning or polishing the pleadings. 5C FED. PRAC & PROC. CIV. § 1382 (3d ed.); see Manhattan Const. Co. v. McArthur Elec., Inc., 2007 WL 295535, at *6 (N.D. Ga. Jan. 30, 2007) (Duffey, J.) As it is, the Court has already been called upon to re-examine the complaint, a proposed amended complaint and the operative Amended Complaint, of which defendants now seek further review. The Court declines to expend further time and judicial resources adjudicating the contents of the pleadings. Furthermore, to the extent that defendants are concerned that the current state of pleadings will expose them to endless discovery, the Court will address such disputes as they arise and will determine, on a case-by-case basis, the proper scope such discovery should take.

Consequently, the only allegations that will be struck from the Amended Complaint are those arising from the municipal lien filed against plaintiffs'

13

property, as discussed above. All other factual allegations will remain as either appropriate background material or properly in support of claims as delineated in this Court's prior Orders of July 19, 2011 and December 5, 2012.

**III.   Conclusion**

In accordance with the above, defendants will strike ¶¶ 71, 71a-c, 139 and 142 from the Amended Complaint and defendant Brazil will be dismissed from this action. An appropriate order follows.

>  s/Matthew W. Brann  
> Matthew W. Brann  
> United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD ZALOGA and<br>JEANNE ZALOGA, | : <br> : <br> : <br> : <br> : | Civil Action No.<br>3:10-CV-2604 |
| Plaintiffs, | : <br> : | (Judge Brann) |
| v. | : <br> : | |
| BOROUGH OF MOOSIC, MOOSIC<br>BOROUGH COUNCIL, MOOSIC<br>BOROUGH PLANNING COMMISSION,<br>MOOSIC BOROUGH ZONING BOARD<br>OF ADJUSTMENTS,<br>JOSEPH MERCANTILI,<br>JOSEPH DENTE, THOMAS HARRISON,<br>BRYAN FAUVER, JAMES DURKIN,<br>JOHN J. BRAZIL, JR., ESQ.,<br>WILLARD HUGHES.<br>Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |

**ORDER**
**May 8, 2013**

**AND NOW,** this 8th day of May, 2013, the defendants' motion to dismiss (ECF No. 94) the Amended Complaint (ECF No. 87) is hereby **GRANTED IN PART** and **DENIED IN PART,** as follows:

1. Plaintiffs shall file a Second Amended Complaint subject to the following revisions:

    a. ¶¶ 71, 71a-c, 139, and 142 shall be stricken from the Amended Complaint and shall not appear in the Second Amended

Complaint.

b. Defendant John J. Brazil, Jr., Esq. shall be **dismissed** from this action.

2. Plaintiffs shall not include any parties or factual allegations in their Second Amended Complaint that do not already appear in their Amended Complaint. If any such additions are made, the Court will dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for failing to comply with this Court's Order.

     s/Matthew W. Brann  
     Matthew W. Brann  
     United States District Judge