IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANNE ZALOGA, | : | Civil Action No. 3:10-CV-2604 |
| EDWARD ZALOGA, D.O., C.P.A., | : | |
| CORRECTIONAL CARE, INC., | : | |
| | : | |
| Plaintiffs, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF MOOSIC, | : | |
| MOOSIC BOROUGH COUNCIL, | : | |
| MOOSIC BOROUGH PLANNING | : | |
| COMMISSION, | : | |
| MOOSIC BOROUGH ZONING | : | |
| BOARD OF ADJUSTMENTS, | : | |
| JOSEPH MERCATILI, | : | |
| JOSEPH DENTE, | : | |
| THOMAS HARRISON, | : | |
| BRYAN FAUVER, | : | |
| JAMES DURKIN, | : | |
| WILLARD HUGHES, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

MARCH 22, 2017

## I.    BACKGROUND

Plaintiffs ask the Court to overturn its entry of judgment against them,

entered after the United States Court of Appeals for the Third Circuit reversed my

prior entry of judgment in Plaintiffs favor.  For the reasons that follow, the Court

1

will not grant Plaintiffs requested relief.

## II.   DISCUSSION

Plaintiffs Jeanne Zaloga, Edward Zaloga, D.O., C.P.A., and Correctional Care Inc. filed a complaint against Defendants Borough of Moosic, Moosic Borough Council, Moosic Borough Planning Commission, Moosic Borough Zoning Board of Adjustments, Joseph Mercatili (in both his individual and official capacities), Joseph Dente, Thomas Harrison, Bryan Fauver, James Durkin, John J. Brazil, and Willard Hughes on December 21, 2010.  There is a long, complex procedural history well known to the parties and now, I expect, to the Court of Appeals.  I only reference what is relevant here.

On June 16, 2015, I granted summary judgment on nearly all claims and against nearly all Defendants.  Because the matter was rather convoluted, I was explicit in my Order, ECF No. 177, that "the only claims and parties that survive the motion for summary judgment are Edward Zaloga and Correctional Care Inc, Plaintiffs, versus Joseph Mercatili, Defendant, for three claims – retaliation in violation of the First Amendment pursuant to 42 U.S.C. §1983; conspiracy under 42 U.S.C. § 1983; and civil conspiracy pursuant to state common law."  I deferred entering final judgment as to the dismissed Defendants.

Defendant Mercatili filed an interlocutory appeal, and the Court of Appeals

reversed.   The mandate of the Court of Appeals stated:

> It is now hereby ORDERED and ADJUDGED by this Court that the order of the District Court entered June 16, 2015 is hereby REVERSED and the case REMANDED for further proceedings consistent with this opinion.[1]

The conclusion portion of the opinion attached to the mandate states:

> For the foregoing reasons, we will reverse the District Court's order denying Mercatili's motion for summary judgment on the basis of qualified immunity and remand with instructions to enter judgment in his favor.[2]

Accordingly, on December 1, 2016, in accordance with both my prior Order granting summary judgment and the mandate of the Court of Appeals, I entered final judgment in favor of all Defendants.

Plaintiffs saw error in the December 1, 2016 Order and filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)[3] on

---

[1] ECF No. 184.

[2] *Id.*

[3] That rule states:
(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

December 29, 2016.  Plaintiffs argue that Defendant Mercatili incorrectly briefed

his appeal, and that the Court of Appeals was somehow unaware of the two

conspiracy claims and failed to dispose of them.  I respectfully disagree for two

reasons.

First, the Court of Appeals was clearly aware of all the claims prior to

directing  me to enter judgment in Mercatili's favor.  Page 7 of the Court of

Appeals Opinion  states: "The District Court granted summary judgment on all

counts against all Defendants except for Counts I, II, and IV against Mercatili."

Second, once the Court of Appeals found that Mercatili had qualified

immunity as to the retaliation claim, qualified immunity was also then applicable to

the federal conspiracy claim; consequently, there was no unlawful act remaining in

order for the Pennsylvania conspiracy claim to survive.  As to the federal

conspiracy claim,  "a § 1983 conspiracy claim only arises when there has been an

---

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier
judgment that has been reversed or vacated; or applying it prospectively is no
longer equitable; or

(6) any other reason that justifies relief.

actual deprivation of a federal right."[4] "If persons are immune from Section 1983 liability [], they must be immune from Section 1983 liability for conspiring to do those acts."[5]  As to the Pennsylvania conspiracy claim, "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act."[6]  With no unlawful acts or deprivation of a federal right remaining, there is no cause of action for conspiracy.

Once the Court of Appeals held that Mercatili was immune from liability for First Amendment retaliation, he also became immune from liability for conspiring to retaliate under Section 1983  and it removed the underlying act required for the Pennsylvania common law claim of conspiracy.

Plaintiffs also argue that error was committed because they had named Mercatili in both his official and individual capacities, and the action still remains as to him in his individual capacity.   I respectfully suggest that Plaintiffs misapprehend the nature of official and individual capacities.

It is well settled that "personal-capacity suits seek to impose personal

---

[4] *Arneault v. O'Toole*, 864 F. Supp. 2d 361, 407 (W.D. Pa. 2012), *aff'd on other grounds*, 513 F. App'x 195 (3d Cir. 2013).

[5] *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992).

[6] *Pelagatti v. Cohen*, 370 Pa. Super. 422, 432, 536 A.2d 1337, 1342 (1987).

liability upon a government official for actions he takes under color of state law."[7]

"Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent."[8] "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."[9] "It is not a suit against the official personally, for the real party in interest is the entity."[10] Accordingly, what Plaintiffs misread is that when the Borough of Moosic was dismissed from this suit, so to was the action against Mercatili in his official capacity, as duplicitive of the action against the Borough. To put it another way, citing Defendant, "the qualified immunity question was <u>always</u> about the personal capacity claim against Mercatili."[11]

## III.   CONCLUSION

A separate Order will issue denying Plaintiff's motion for all of the foregoing reasons.

---

[7] *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (internal citations omitted).

[8] *Id.*

[9] *Id.* at 166.

[10] *Id.*

[11] Def. Br. ECF No. 201 at 3.

BY THE COURT:


 s/ Matthew W. Brann
Matthew W. Brann
United States District Judge